IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-40550
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHAD WALTER DEE POPE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:07-CR-9-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Chad Pope appeals his conviction of possession with intent to distribute marihuana.  He argues that his conviction should be vacated on plain error re-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

view because a Border Patrol agent testified, under questioning from Pope's attorney, that Pope had invoked his right to remain silent after authorities read him his Miranda rights.[1] Pope relies on the holding in Doyle v. Ohio, 426 U.S. 610, 617-20 (1976), that a prosecutor may not use a defendant's silence, at the time of arrest and after receiving Miranda warnings, to suggest, for impeachment purposes, that the defendant's exculpatory story was made up at a later time.

The testimony arose after the Border Patrol agent testified that Pope admitted being present during at least part of the time during which the trailer he was hauling, containing marijuana, was being loaded. Pope's attorney tried to undermine that testimony by pointing out that the agent never wrote down Pope's statement in his report. Pressing the agent, the attorney asserted that the agent "could have had [Pope] sign a statement . . . based on . . . what you stated he told you?" The agent explained that such was not possible, because Pope refused to make a statement after he was read his Miranda rights. Pope concedes that his refusal to make a statement after being read his Miranda rights was not mentioned again, even in the government's closing argument.

Because Pope's attorney elicited the agent's testimony, United States v. Fairchild, 505 F.2d 1378, 1383 (5th Cir. 1975); see also Doyle, 426 U.S. at 619 n.11 (citing Fairchild, 505 F.2d at 1383), we AFFIRM.

---

[1] See Miranda v. Arizona, 384 U.S. 436, 479 (1966) ("[W]hen an individual is taken into custody . . . [h]e must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.").